[Civ. No. 44191. First Dist., Div. Three. Dec. 19, 1978.]

BELTONE ELECTRONICS CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY et al.,
Respondents;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

William M. Źiering and Julian R. Wilheim for Petitioner.

Clair A. Carlson, County Counsel, and Jonathan Wittwer, Assistant County Counsel, for Respondents.

No appearance for Real Party in Interest.

## OPINION

**SCOTT, J.**—Petitioner Beltone Electronics Corporation is one of several defendants in an action filed in the Superior Court of Santa Cruz County. On April 14, 1978, petitioner transmitted to the Clerk of the Superior Court of Santa Cruz County certain interrogatories which had been propounded by the plaintiffs to the petitioner and petitioner's written responses thereto, with a request to the clerk to lodge the interrogatories and responses. The documents were returned to the petitioner by the clerk of the superior court with a court order directing the clerk not to accept for filing or lodging any written interrogatories or responses thereto except by order of the court.

Petitioner contends that the clerk is obligated by law to lodge the interrogatories and responses thereto upon the request of a party. By this petition for writ of mandate petitioner asks that we direct the superior court to permit the lodging of the documents as requested.

■ The superior court of a county, not an individual judge, is the proper party respondent to a petition for a writ of mandate seeking an order for the court to act. (See *Pettie* v. *Superior Court* (1960) 178 Cal.App.2d 680 [3 Cal.Rptr. 267].) As Judge Harry F. Brauer is not a proper party to these proceedings, the petition as against him is denied.

■ The issue raised is an interpretation of a provision of the California Code of Civil Procedure, section 2030, subdivision (b), which provides as follows: "The written interrogatories and any responses thereto shall not be filed unless the court, on motion and notice and for good cause shown, so orders. *Any party may lodge with the court the original or a copy of any written interrogatories or responses thereto,* but these shall not be filed unless the court determines that their contents have become relevant to an issue in a trial or other proceeding." (Italics added.)

Petitioner contends that the statute is clear and unambiguous on its face in that it permits the filing of interrogatories and responses thereto upon motion for good cause. Additionally, the section permits any party to lodge such documents as a matter of right, without leave of the court.

Respondents contend that the portion of the section referring to the lodging of documents should be interpreted to mean that the parties would lodge the interrogatories and responses in conjunction with a

motion to file, giving the court the discretion to order the documents filed or returned to the parties upon the hearing of the motion.

We conclude that the lodging of interrogatories and answers thereto contemplates the temporary deposit of the documents in conjunction with a motion to file, until the court determines them to be relevant. In the event they are relevant, they would be filed, and if not, they would be returned to the party.

The Code of Civil Procedure sections relating to the filing of interrogatories have been modified several times in recent years. An examination of those changes is helpful to determine the legislative intent in adoption of the current provisions. Section 2030, as amended in 1971, provided simply that a party could file and serve written interrogatories, and the party upon whom such interrogatories were served would file and serve a copy of the answers. (Stats. 1971, ch. 1643, § 1, p. 3547.) In 1974 the section was amended to limit the filing requirement to so much of the interrogatory or response as was necessary to show the identity of the parties, with the original of the interrogatory or the answer to be delivered to the clerk to be kept in the same manner as exhibits or depositions. (Stats. 1974, ch. 732, § 1, pp. 1618-1619.) In 1977 the statute was again amended, this time deleting the filing and delivery requirements provided in the 1974 amendment and providing that the "court may in its discretion order the filing of a propounding or responding document." (Stats. 1977, ch. 500, § 1, p. 1627.) The 1977 legislation was introduced at the request of the Los Angeles County Clerk, for the purpose of "reliev[ing] the clerks from the labor and expense of preserving these documents [interrogatories, requests for admissions and responses]." (Sen. Com. on Judiciary, Discovery: Filing of Interrogatories (May 17, 1977) [Sen. Bill No. 638, Stats. 1977, ch. 500].) Under this legislation the requirement that the originals be kept by the clerk in the same manner as exhibits or depositions was repealed. This statute became effective January 1, 1978.

In response to this measure the State Bar of California, with support from the Los Angeles County Clerk, caused the introduction of the present statute in the form of Senate Bill No. 1366 which, according to the report of the Senate Committee on Judiciary (Discovery: Interrogatories and Requests for Admissions (1977-1978 Reg. Sess)),[1]

---

[1]"Statements in a report of a legislative committee concerning the object and purposes of a proposed amendment which parallel a reasonable interpretation of the amendment should be followed. (*Southern Pac. Co.* v. *Ind. Acc. Com.* (1942) 19 Cal.2d 271, 278-279 [120 P.2d 880].)" (*People* v. *Swinney* (1975) 46 Cal.App.3d 332, 342 [120 Cal.Rptr. 148].)

"would repeal the provisions of Chapter 500 [the 1977 statute], and would reenact the pre-1978 discovery statutes with one exception. It would provide that written interrogatories, requests for admissions, and responses thereto shall be filed with the court only if, upon motion and good cause shown the court so orders. In addition, *any party would be allowed to lodge such documents with the court when their contents become relevant to an issue in a trial or other proceeding.* [¶] The purpose of the bill is to eliminate the ambiguities and practical problems replete in existing law." (Italics added.) The report referred to the 1978 legislation as a compromise solution, which is described as follows: "SB 1366 contains provisions which proponents claim would accomplish the intended purpose of Chapter 500 [the 1977 statute], i.e., the *elimination of unnecessary administrative burdens created* by the 'face-sheet' filing requirement of former Section 2030(b) and *by the storage of voluminous paper exhibits,* without affecting the remaining pre-1978 discovery procedures." (Italics added.)

The report also discussed the definition of "lodge" as follows: "Under this bill, written interrogatories, requests for admissions, or responses thereto would be filed only when the court, upon motion and for good cause shown, so orders. [¶] In addition, *when their contents become relevant to an issue in a trial or other proceeding, however, such documents may be 'lodged' with the court.* [¶] According to the source of this bill, *'LODGE' means that the interested party would present the documents to the court at the specified time, and the court would determine whether or not such documents should be filed in the case.*" (Italics added.) The author of the report then queried whether that definition shouldn't be incorporated in the bill. Apparently, the Legislature thought it was unnecessary. Certainly, from this report we can conclude that the legislative understanding of the lodging function was that lodging was a part of the filing determination process.

The analysis of the Senate Committee on Judiciary is consistent with the language of the section. The portion of the sentence referring to the lodging of the documents precedes that portion wherein such documents are directed not to be filed unless the court determines that their contents have become relevant. This structure of the sentence suggests that the lodging of the documents is an integral part of the motion to file the documents, and not a separate prerogative of a party.

As adopted, the statute provides: "Any party may lodge with the court the original or a copy of any written interrogatories or responses thereto, [when their] *but these shall not be filed unless the court determines that their* contents have become relevant to an issue in a trial or other proceeding." The underlined language was added and the bracketed words deleted from the bill as originally introduced. The modified language makes clear that it is the court, and not the party, who would determine the relevancy of the document. It follows that the party's function was to "lodge" the document as a part of the court's process of deciding its relevancy for filing purposes.

The alternative writ of mandate is discharged. The petition for a peremptory writ of mandate is denied.

White, P. J., and Feinberg, J., concurred.