Filed 2/28/14  In re M.C. CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>M.C.,<br><br>        Defendant and Respondent. | A138451<br><br>(San Francisco City & County Super. Ct. No. JW126363) |

The People, through the San Francisco District Attorney's Office, appeal from an order of the juvenile court denying the victims of a home burglary permission to obtain a copy of the probation officer's dispositional report pertaining to defendant M.C., a minor. The People contend the victims were entitled to view this confidential report under the victim's rights provisions of Marsy's Law.[1]  After receiving supplemental briefing as to whether the challenged order is cognizable on appeal, we have determined this court does not have jurisdiction to reach the merits of the issues because the People are appealing from a nonappealable order.  Accordingly, we dismiss the appeal.

---

[1] California voters, in November 2008, passed Proposition 9, also known as the Victims' Bill of Rights Act of 2008:  Marsy's Law.  This initiative added or enhanced several state constitutional rights of victims.

## FACTUAL AND PROCEDURAL BACKGROUND

It is unnecessary to set forth a detailed recitation of the facts underlying the issues raised in this appeal.[2]

On September 24, 2012, the San Mateo County District Attorney filed a juvenile wardship petition against defendant per Welfare and Institutions Code section 602, subdivision (a).[3] The petition alleged six counts of felony residential burglary (Pen. Code, § 460, subd. (a)); six counts of grand theft (Pen. Code, § 487, subd. (a)); one count of felony attempted residential burglary (Pen. Code, §§ 664, 460, subd. (a)); and one count of felony possession of stolen property (Pen. Code, § 496, subd. (a)).

On September 25, 2012, a detention report was filed stating that defendant had participated in numerous residential burglaries. An adult woman would drive him and another minor to a residential area and knock on doors, while the minors waited in the vehicle. She would instruct them as to which house to break into, and the other minor would use a crowbar to gain access via the rear door of the residence. The two minors would then grab property and leave. They gave all the items to the woman, who then sold them. She gave defendant about $200. Following a search warrant, several items were seized as possible stolen property from the woman's residence.

At the jurisdiction hearing held on October 11, 2012, defendant admitted the petition. The juvenile court found three counts of residential burglary to be true. The case was ordered transferred to the County and City of San Francisco, where defendant resides, for disposition.

A detention report filed by the San Francisco Juvenile Probation Department states that defendant's great grandmother had been his guardian since his birth. She indicated he had started acting out during the past year, following the death of his father. Prior to that time, he had been well behaved and respectful. He reportedly stated to the probation

---

[2] Appellant's request for judicial notice and motion to augment the record filed on June 11, 2013, is hereby granted.

[3] All further statutory references are to the Welfare and Institutions Code except as otherwise specified.

officer that he understood the wrongfulness of his actions and that he was prepared to cooperate with the probation department. The officer recommended that he be placed on home detention with GPS, along with various other orders including orders to stay away from the victims and to participate in case management and therapeutic services.

On October 23, 2012, defendant filed a motion for an order releasing him on strict home detention conditions. Defendant noted he had been in continuous custody for about a month, and had done well while in custody in San Mateo County. He had incurred only one prior sustained petition from when he was 11 years old, and his probation had terminated over five years prior to the instant offense.

On October 25, 2012, defendant was conditionally released on home detention. The minutes of the hearing indicate that some of the victims were present and that they had asserted all of their rights under Marsy's Law. Defendant was ordered to write a letter of apology to the victims. Copies of the letters are included in the record on appeal.

On November 21, 2012 the probation officer filed a 45-page dispositional report.

The dispositional hearing was held on November 27, 2012. Victims Curtis and Lisa Cahill, the owners of one of the homes burglarized by defendant and his co-responsibles, were present at the hearing. They requested a copy of the probation officer's report. The application was not based on any specific statutory ground. The juvenile court ordered defendant placed on home probation with conditions.

On December 13, 2012, a hearing was held regarding the release of defendant's probation report to the Cahills. Counsel for the district attorney and the public defender were ordered to file briefs on this issue. In her brief, the deputy public defender asserted the report was part of defendant's confidential record under section 827, which requires persons who are not authorized by statute to file a petition demonstrating good cause before accessing records in a minor's case file. The district attorney's sole contention in response was that release of the report was mandatory under a provision of Marsy's Law contained in California Constitution Article I, section 28 (b)(11), which states, in part, that a victim "shall be entitled to [¶] . . . [¶] receive . . . the pre-sentence report . . . *except for those portions made confidential by law*." (Italics added.)

3

On February 22, 2013, the juvenile court denied the request for release of the report, deeming the report confidential under the provisions of the Welfare and Institutions Code.

On April 19, 2013, the district attorney filed a notice of appeal pertaining to the order denying the release of defendant's disposition report to the requesting victims. The notice indicates the appeal is taken pursuant to section 800, subdivision (b)(5).

DISCUSSION

## I. *Appealable Orders in Juvenile Delinquency Proceedings*

An appellate court has "no authority to hear an appeal in the absence of appellate jurisdiction." (*In re Almalik S.* (1998) 68 Cal.App.4th 851, 854.) Appeals from juvenile court orders and judgments are permitted only as provided by statute: "The People's right to appeal in . . . juvenile court proceedings is conferred exclusively by statute." (*People v. Superior Court* (*Arthur R.*) (1988) 199 Cal.App.3d 494, 497.) "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute. [Citations.] The orders, judgments and decrees of a juvenile court [that] are appealable are restricted to those enumerated in section 800 [citations] . . . ." (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709, disapproved on another ground in *People v. Green* (1980) 27 Cal.3d 1, 33–34; *In re Almalik S., supra,* at p. 854.)

## II. *The Order Is Not Appealable by the People Under Section 800*

After this appeal was fully briefed, we directed the parties to provide supplemental briefing on the following: "The District Attorney states in his opening brief that the order at issue here is appealable under Welfare and Institutions Code section 800, subdivision (b)(5). The court requests the parties submit letter briefs on the issue of whether there is appellate jurisdiction over this appeal in light of case law interpreting that subdivision (see, e.g., *In re Kenneth S.* (2005) 133 Cal.App.4th 54, 61)." Both parties submitted letter briefs.

Section 800, subdivision (b)(5), provides: "An appeal may be taken by the people from any of the following: [¶] . . . [¶] (5) The imposition of an unlawful order at a

4

dispositional hearing, whether or not the court suspends the execution of the disposition."
In *Kenneth S., supra,* the defendant argued that an order granting his motion for a new trial, which had been raised during the dispositional hearing, was not appealable. He relied, in part, on his contention that subdivision (b)(5) was inapplicable because the appeal was not from an unlawful dispositional order. The appellate court agreed that subdivision (b)(5) did not afford a basis for appellate jurisdiction in that case, though it concluded the order was appealable under an alternate provision. (*Kenneth S.*, *supra*, 133 Cal.App.4th at p. 61.) Significantly, for our purposes, the court observed that jurisdiction "cannot be premised on section 800, subdivision (b)(5). That subdivision implicitly suggests that it is applicable to orders pertaining to the disposition hearing, not merely to orders that might happen to be issued at the time of that hearing. While the juvenile court's ruling on the motion for new trial based on a *Miranda* violation[4] occurred at the scheduled dispositional hearing, it occurred before that hearing took place (it never did take place), and had nothing to do with the disposition, rather pertaining to the already completed adjudication hearing. Therefore, the juvenile court's order was not 'an unlawful order at a dispositional hearing,' as contemplated by subdivision (b)(5)." (*Ibid.*)

Here, the People assert the order denying the release of the disposition report to the Cahills is appealable under section 800, subdivision (b), because it "relates directly to the Disposition Hearing." However, while the challenged order pertains to the disposition report, which obviously was considered at the dispositional hearing, the order does not pertain to the actual disposition itself. Nor was the order issued at the dispositional hearing, which occurred on November 27, 2012. Instead, the order denying access to the disposition report was issued almost three months later, on February 22, 2013.

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

In sum, because the People have not set forth a statutory basis on which to appeal the order denying the Cahills access to defendant's disposition report, we are without jurisdiction and must dismiss the appeal.

### III. *We Decline to Treat the People's Appeal As a Petition for Writ of Mandate*

Although the People do not expressly request that we treat this appeal as a petition for writ of mandate, we nevertheless conclude they impliedly requested such treatment based on an earlier petition for writ of mandate and/or prohibition (which we denied summarily). However, we conclude the interests of justice do not support our treatment of this appeal as a petition for writ of mandate.

"An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances." (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366–1367.) In juvenile wardship cases, "[t]he test controlling the People's entitlement to review by writ is derived from *People v. Superior Court* (*Howard*) (1968) 69 Cal.2d 491, 501. The test employs two criteria. First, the challenged court order must be an act 'in excess of jurisdiction.'[5] Second, upon a careful balancing, the need to correct judicial errors prejudicing the People must outweigh the conflicting threat of harassment to the accused. The second criterion must be resolved against writ review whenever granting the writ would threaten defendant with double jeopardy." (*Arthur R., supra,* 199 Cal.App.3d at p. 502.)

Setting aside whether the juvenile court acted in "excess of jurisdiction," we fail to see how denying the victims access to defendant's dispositional report prejudices the People, even if the order is erroneous. The arguments raised below concerned the psychological well-being of the Cahills only, and do not suggest that the People were in

---

[5] Most courts have interpreted *Howard*'s use of the phrase "excess of jurisdiction" as meaning " 'any misinterpretation, misapplication or refusal to follow applicable constitutional, statutory or case law authority.' " (*People v. Superior Court* (*Manuel G.*) (2002) 104 Cal.App.4th 915, 925 [" 'A considerable line of authorities holds that the court's failure to either properly interpret or follow the law is in excess of its jurisdiction and reviewable on the People's petition for a prerogative writ [citations].' "].)

any way impaired in prosecuting this case by the juvenile court's refusal to give the couple access to the confidential report. Therefore, the second requirement for granting writ review is not satisfied and we elect to forego consideration of the People's appeal as a petition for writ of mandate.

Even if we were to treat this appeal as a petition for writ of mandate, we would deny it on the merits. Section 827 covers who has the right to access and inspect confidential juvenile records and how those records should be released. Specifically, section 827, subdivisions (a)(1)(A) through (L), delineate the categories of persons having the right to inspect juvenile records without a court order. Section 827, subdivision (a)(1)(P), provides a juvenile case file may be inspected by "[a]ny other person who may be designated by court order of the judge of the juvenile court *upon filing a petition*." (Italics added.) Additionally, California Rules of Court, rule 5.552(c) provides: "With the exception of those persons permitted to inspect juvenile court records without court authorization under sections 827 and 828, *every person* or agency seeking to inspect or obtain juvenile court records *must petition the court for authorization* using Petition for Disclosure of Juvenile Court Records (form JV-570)." (Italics added.) Here, it is undisputed that neither the Cahills nor the district attorney attempted to obtain the detention report under the procedures provided for by section 827. Accordingly, because they failed to follow the proper procedures below, the People cannot complain of error to this court.

**DISPOSITION**

The appeal is dismissed.

_____
Dondero, Acting P. J.

We concur:

_____
Banke, J.

_____
Becton, J.*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.