Filed 6/22/21  In re C.F. CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| In re C. F., a Person Coming Under the Juvenile Court Law. | C092791 |
|---|---|
| THE PEOPLE, | (Super. Ct. No. JD2017559) |
| Plaintiff and Appellant, | |
| v. | |
| C. F., | |
| Defendant and Respondent. | |

Following his adjudication on a juvenile wardship petition, the minor, C. F., was placed on wardship probation.  Subsequently, the juvenile court granted C. F.'s motion requesting termination of wardship jurisdiction based on changed circumstances.  The People, through the Yolo County District Attorney's Office, appeal from an order of the juvenile court declining to consider the People's motion for additional restitution at the hearing on the termination petition.  The People contend the juvenile court abused its discretion in denying the request as untimely.  We have determined this court does not have jurisdiction to reach the merits of the issues because the People are appealing from a nonappealable order.  Accordingly, we will dismiss the appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

It is unnecessary to set forth a detailed recitation of the facts underlying the issues raised in this appeal. On September 25, 2018, C. F. was adjudged a ward of the juvenile court (Welf. & Inst. Code,[1] § 602), after admitting responsibility for committing two counts of sexual battery and one count of assault by means of force likely to produce great bodily injury, all as misdemeanor-level offenses. The court placed C. F. on wardship probation, but deferred setting victim restitution. (See § 725, subd. (b).)

At a restitution hearing held on February 5, 2019, the juvenile court ordered C. F. to pay a total of $899.88 to two victims. On April 2, 2019, the court ordered C. F. to pay an additional $330 in victim restitution.

On August 25, 2020, C. F. filed a motion requesting the juvenile court terminate wardship jurisdiction based on changed circumstances pursuant to sections 775 and 778 because C. F.'s family was moving out of state. On September 16, 2020, the day before the termination hearing was scheduled to be heard, the prosecution filed both a motion to reopen the restitution matter and an opposition to the requested termination. The following day, the juvenile court heard C. F.'s motion to terminate. The court declined to consider the prosecution's motion as untimely but considered oral argument from both parties on the termination matter. The court ruled C. F. had successfully completed the terms of his wardship probation, including by paying the ordered victim restitution in full and dismissed the matter pursuant to section 786.

The People filed a notice of appeal indicating an appeal from the juvenile court's "refusal to consider [the] Motion for Restitution."

DISCUSSION

The People state perfunctorily in the opening brief that the order at issue here is appealable under section 800, without citing any particular subdivision. C. F. contends

---

[1]     Undesignated statutory references are to this code.

that this case must be dismissed because the challenged order is not one of the enumerated appealable orders under section 800. The People respond that the order is appealable under section 800, subdivision (b)(2) as an order made after judgment entered pursuant to section 777 or section 785. We disagree.

An appellate court has "no authority to hear an appeal in the absence of appellate jurisdiction." (*In re Almalik S.* (1998) 68 Cal.App.4th 851, 854.) Appeals from juvenile court orders and judgments are permitted only as provided by statute: "The People's right to appeal in . . . juvenile court proceedings is conferred exclusively by statute." (*People v. Superior Court (Arthur R.)* (1988) 199 Cal.App.3d 494, 497.) "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute. [Citations.] The orders, judgments and decrees of a juvenile court [that] are appealable are restricted to those enumerated in section 800 [citations]. . . ." (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709, disapproved on another ground in *People v. Green* (1980) 27 Cal.3d 1, 33-34; *In re Almalik S.,* at p. 854.)

Section 800, subdivision (b)(2), provides: "(b) An appeal may be taken by the people from any of the following: [¶] . . . [¶] (2) An order made after judgment entered pursuant to Section 777 or 785." While, as the People point out, section 785 does address termination or modification of a wardship petition, C. F. petitioned to terminate wardship jurisdiction based on a different ground, changed circumstances pursuant to sections 775 and 778 because C. F.'s family was moving out of state. Conversely, section 785 addresses a motion to terminate where "the minor is found not to be a fit and proper subject to be dealt with under the juvenile court law with respect to a subsequent allegation of criminal conduct." (§ 785, subd. (a).) The People are thus incorrect that the court's order declining to hear the restitution motion as untimely was "[a]n order made after judgment entered pursuant to Section 777 or 785." (§ 800, subd. (b)(2).) The record does not contain any order or judgment changing or modifying C. F.'s custody under section 777 or 785. Therefore, we are without jurisdiction to consider the People's

3

appeal.  (See *People v. Superior Court (Manuel G.)* (2002) 104 Cal.App.4th 915, 924 [holding that a § 781 order sealing juvenile records was not appealable by the People under § 800, subd. (b)(2)].)

The People did not request that we treat the appeal as a petition for writ of mandate, and we decline to exercise our discretion to do so.  (See *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367 [an appellate court may exercise discretion to treat an appeal from a nonappealable order as a petition for writ of mandate "in unusual circumstances"].)  "The test controlling the People's entitlement to review by writ . . . employs two criteria.  First, the challenged trial court order must be an act 'in excess of jurisdiction.'  Second, upon a careful balancing, the need to correct judicial errors prejudicing the People must outweigh the conflicting threat of harassment to the accused." (*People v. Superior Court (Arthur R.)*, *supra*, 199 Cal.App.3d at p. 502.)  As the People acknowledge, the juvenile court's order declining to consider the motion for additional restitution was discretionary.  Thus, the order was not in excess of the juvenile court's jurisdiction, and we decline to treat the People's appeal as a petition for writ of mandate.

DISPOSITION

The appeal is dismissed.

 

 

/s/                          <br/>
Robie, J.

We concur:

 

/s/                          <br/>
Blease, Acting P. J.

 

/s/                          <br/>
Hull, J.