[No. B119335. Second Dist., Div. Five. Dec. 18, 1998.]

In re ALMALIK S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALMALIK S., Defendant and Respondent;
GERTIE K., Appellant.

## COUNSEL

Debra L. Petcove, under appointment by the Court of Appeal, for Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and David C. Cook, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**GRIGNON, Acting P. J.**—Appellant Gertie K. is the mother of Almalik S., a minor adjudged to be a ward of the juvenile court pursuant to Welfare and Institutions Code section 602, after the minor admitted a violation of Vehicle Code section 10851, subdivision (a). The juvenile court declared the offense to be a felony and placed the minor on probation in the home of mother. Mother contends the juvenile court abused its discretion when it found the offense to be a felony. We conclude mother has no standing to appeal and dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

On July 9, 1997, a nondetained petition was filed alleging the minor had unlawfully driven or taken a vehicle in violation of Vehicle Code section 10851, subdivision (a). On August 4, 1997, pursuant to Welfare and Institutions Code section 654.2, the minor was placed on informal supervision for six months subject to certain conditions. On November 7, 1997, the juvenile court terminated informal supervision because of the minor's failure to comply with the conditions of the informal supervision. On January 7, 1998, the minor admitted the violation of Vehicle Code section 10851, subdivision (a). He was placed home on probation. On January 28, 1998, mother appealed from the "disposition and adjudication heard on January 7, 1998."

## DISCUSSION

We consider whether a parent of a minor has standing to appeal from a judgment against the minor in a juvenile delinquency matter, where the minor has not been removed from the parent's physical custody. Prior to 1992, Welfare and Institutions Code section 800 provided in pertinent part: "A judgment in a proceeding under Section 601 or 602 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment." Several appellate cases concluded that this statutory language afforded the parents of a minor adjudged to be a ward of the juvenile court pursuant to Welfare and Institutions Code section 602 standing to appeal. (*In re Dargo* (1947) 81 Cal.App.2d 205, 206-207 [183 P.2d 282] [parents of the minor committed to California Youth Authority are entitled to appeal to protect their own interests as well as those of the minor]; *In re LeVan* (1949) 93 Cal.App.2d 7 [207 P.2d 1066], fn. * [the mother of the minor released to custody of probation officer for placement in father's home had the right to appeal as an interested party]; *In re Hartman* (1949) 93 Cal.App.2d 801, 804 [210 P.2d 53] [the prosecutor did not contend that the parents of a minor committed to the probation officer are not proper parties entitled to appeal]; see also *Dana J.* v. *Superior Court* (1971) 4 Cal.3d 836, 841, fn. 8 [94 Cal.Rptr. 619, 484 P.2d 595] ["We do not, of course, suggest that parents have no right of appeal under section 800 to protect their own interests."].) Effective January 1, 1990, rule 1435(a) of the California Rules of Court was adopted relating to the right to appeal in juvenile delinquency matters. In apparent reliance on the extant appellate authority, rule 1435(a) provides that a parent may appeal from any judgment, order, or decree specified in Welfare and Institutions Code section 800 "in which the child is removed from the physical custody of the parent."

Effective January 1, 1992, Welfare and Institutions Code section 800 was amended to provide in pertinent part: "A judgment in a proceeding under

Section 601 or 602 may be appealed from, *by the minor*, in the same manner as any final judgment, and any subsequent order may be appealed from, *by the minor*, as from an order after judgment." (Italics added.)

We have no authority to hear an appeal in the absence of appellate jurisdiction. (*Jennings* v. *Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074].) The right to appeal is statutory and a judgment or order is not appealable unless expressly made so by statute. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on other grounds in *People* v. *Green* (1980) 27 Cal.3d 1, 33-34 [164 Cal.Rptr. 1, 609 P.2d 468].) The orders and judgments in juvenile delinquency matters which are appealable are restricted to those set forth in Welfare and Institutions Code section 800. (18 Cal.3d at p. 709.) Code of Civil Procedure section 902, providing for a right to appeal by "[a]ny party aggrieved," has no applicability to juvenile delinquency matters. "[T]he appealability of juvenile court orders is governed, not by the Code of Civil Procedure, but by the Welfare and Institutions Code." (*In re Sarah F.* (1987) 191 Cal.App.3d 398, 402 [236 Cal.Rptr. 480].)

It is apparent that Welfare and Institutions Code section 800, as amended effective January 1, 1992, affords no right to appeal in juvenile delinquency matters to a parent. The previous version of the statute simply delineated the orders, decrees, and judgments which were appealable. Based on this non-restrictive statutory language, appellate courts concluded that parents from whom custody had been taken had standing to appeal otherwise appealable judgments and orders. However, the Legislature amended the provisions of the statute to expressly limit the right to appeal to the minor.[1] Thus, a right to appeal in the parents may no longer be judicially implied. No authority subsequent to the amendment of Welfare and Institutions Code section 800 authorizes an appeal by a parent in a juvenile delinquency proceeding.[2]

We conclude mother has no right to appeal the order of the juvenile court declaring her son to be a ward of the court pursuant to Welfare and Institutions Code section 602 and placing him home with mother on probation. Accordingly, the appeal must be dismissed.

---

[1]The purpose of the amendments was to clarify the appealability by the prosecution of judgments and orders in juvenile delinquency matters. (Legis. Counsel's Digest, Sen. Bill No. 1137, 4 Stats. 1991 (Reg. Sess.) Summary Dig., p. 271.)

[2]Mother may not rely on rule 1435(a) of the California Rules of Court because the minor was not removed from her custody. Accordingly, we need express no opinion as to the continued validity of the rule to the extent it authorizes an appeal by a parent in a juvenile delinquency matter. However, we question the current statutory basis for the rule.

## DISPOSITION

The appeal is dismissed.

Armstrong, J., and Godoy Perez, J., concurred.