89 S.W.3d 250 (2002)
In the Matter of A.E.E., a Juvenile.
No. 06-01-00145-CV.
Court of Appeals of Texas, Texarkana.
Submitted October 1, 2002.
Decided October 17, 2002.
*252 Terry L. Cox, Law Offices of Cox & McCarter, LLP, Marshall, for appellant.
Richard Berry Jr., Criminal District Attorney, Harrison County, Al Davis, Assistant District Attorney, Marshall, for appellee.
Rick Hagen, Longview, Attorney Ad Litem.
Before MORRISS, C.J., GRANT and ROSS, JJ.

OPINION
Opinion by Justice ROSS.
A.E.E., born January 7,1986, was declared by juvenile court as a child who had engaged in delinquent conduct. She was placed on probation until age eighteen, and as a condition of probation, was ordered to live in the home of a maternal aunt. Billy Emmons, the child's father, appeals asserting three grounds of error: (1) that the State presented no evidence to satisfy the statutory requirements of Tex. Fam.Code Ann. § 54.04(i) (Vernon 2002); (2) that the court's decision to remove A.E.E. from his home was an unconstitutional infringement on his fundamental right as a parent to make decisions as to the care, custody, and control of his child, in violation of the Fourth Amendment to the United States Constitution; and (3) that the trial court erred in not specifically stating in its order the reasons for the disposition, as required by Tex. Fam.Code Ann. § 54.04(f) (Vernon 2002).
Because this case stems from a juvenile proceeding, the record offers only spotty details of the background events leading to this proceeding. It is apparent from the record that A.E.E. did not know Emmons during the early part of her life. When she was approximately eleven years old, Emmons was ordered to take a paternity test, which apparently resulted in Emmons being adjudged A.E.E.'s father. Emmons was granted visitation rights with A.E.E. and was eventually appointed A.E.E.'s managing conservator. A.E.E.'s mother did not attend the hearing at which Emmons was appointed managing conservator, and her whereabouts were unknown during this juvenile proceeding.
A.E.E. had lived with Emmons at his home in Panola County for more than two years when she ran away. She was found at the Sabine Valley Mental Health Mental Retardation Center in Harrison County. A.E.E. told the doctors at Sabine Valley she would kill herself if she was forced to return to her father's home, but the doctors did not believe A.E.E. was really suicidal. Emmons was called to Sabine Valley, and two police officers were also called to assist in getting A.E.E. to leave with her father. Because A.E.E. refused to cooperate and used force against the officers to keep from going with her father, she was arrested and charged with delinquent conduct.
During the juvenile proceedings, A.E.E. offered testimony that her home environment with Emmons was not emotionally supportive. She testified she did not feel Emmons encouraged her with her schoolwork. She also complained about her household chores and about having to assist *253 Emmons in his fence-building business after school and on weekends. A.E.E. testified that her father did not take her to the dentist when she had cavities and that, in her opinion, he did not take her to the doctor soon enough when she was experiencing pain with a condition that eventually required surgery.
A.E.E. pled true to the charge against her in juvenile court and was adjudicated a child who had engaged in delinquent behavior. She was placed on probation until age eighteen and ordered to attend counseling. As a condition of probation, A.E.E. was ordered to live with her mother's sister. Emmons appeals the court's decision to remove A.E.E. from his home.
We first address the question of Emmons' standing to bring this appeal. The State did not initially raise this issue, but an appellate court can question, on its own motion, the standing of a party to appeal from a juvenile court's order. See In re P.C., 970 S.W.2d 576, 577 (Tex.App.-Dallas 1998, no pet.). In a presubmission order, we requested the parties to address this issue.
Tex. Fam.Code Ann. § 56.01 (Vernon 2002)[1] controls the right to appeal an order from a juvenile court. Accordingly, an appeal may be taken by or on behalf of a child from an order disposing of the case entered under Section 54.04, unless Section 56.01(n) applies. Tex. Fam.Code Ann. § 56.01(c)(1)(B). Section 56.01(n) provides as follows:
(n) A child who enters a plea or agrees to a stipulation of evidence in a proceeding held under this title may not appeal an order of the juvenile court entered under ... Section 54.04 ... if the court makes a disposition in accordance with the agreement between the state and the child regarding the disposition of the case, unless:
(1) the court gives the child permission to appeal; or
(2) the appeal is based on a matter raised by written motion filed before the proceeding in which the child entered the plea or agreed to the stipulation of evidence.
The disposition in this juvenile proceeding was under Section 54.04, and that disposition was pursuant to an agreement between the State and the child. The agreement was that, if A.E.E. pled true to the charge, she would be placed on probation and, as a condition of that probation, she would be placed in the home of her maternal aunt. Because the juvenile court disposed of the case in accordance with this agreement, Section 56.01(n) is applicable. Further, the court did not give the child permission to appeal and this appeal is not based on a matter raised by written motion filed before the proceeding. It is clear A.E.E. could not appeal from this juvenile proceeding. The issue then is whether Emmons has standing to appeal the disposition of his child under these circumstances.
Tex. Fam.Code Ann. § 56.01(c)(1) provides that an appeal may be brought *254 "by or on behalf of a child." However, Emmons is attempting to assert his parental rights through this appeal. Nowhere does he claim to be appealing on behalf of A.E.E.
The State, in its supplemental brief, stated it found no Texas case on point for this issue. However, the State cited two cases from other jurisdictions. In Arizona, a mother had standing to appeal the restitution order of a juvenile disposition because the mother was required by Arizona law to pay the restitution. The court held that, even though the only named parties to the action were the state and the juvenile, the mother was also an aggrieved party who had standing because the order from the juvenile proceeding was imposed on the mother. In re Kory L., 194 Ariz. 215, 979 P.2d 543, 545 (Ct.App.1999). In California, a mother did not have standing to bring an appeal when the juvenile court placed her son on probation in her home. In re Almalik S., 68 Cal.App.4th 851, 854, 80 Cal.Rptr.2d 619 (Cal.Ct.App.1998). Under a previous statute, California courts had allowed parents to appeal from juvenile orders; however, the court concluded in Almalik S. that a newly-enacted statute no longer granted parental standing to appeal because the statute stated a judgment may be appealed "by the minor." Id.
By using the language "by or on behalf of a child" in Section 56.01, the Texas Legislature has also limited those who may appeal from a juvenile proceeding. By the plain wording of the statute, the child has the right to appeal and the right of anyone else to appeal is derivative from the child's right, because such appeal must be on the child's behalf.
Emmons contends that he participated in this proceeding as the guardian of A.E.E. and that he has standing to bring this appeal in that capacity. However, the statute only authorizes an appeal "by or on behalf of a child," and in this case, the child does not have a right to appeal. See Tex. Fam.Code Ann. § 56.01(c)(1). Because Emmons' right to appeal, as guardian or in any other capacity, derives from A.E.E.'s right, neither does he have a right to appeal. Therefore, this Court lacks jurisdiction over this appeal. But, even if Emmons did have standing, we would affirm the trial court's judgment.
In his first point of error, Emmons contends the State presented no evidence to satisfy the statutory requirements of Tex. Fam.Code Ann. § 54.04(i), which provides as follows:
If the court places the child on probation outside the child's home ... the court:
(1) shall include in its order its determination that:
(A) it is in the child's best interests to be placed outside the child's home;
(B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and
(C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation; ....
When deciding a no-evidence point, we must consider all of the evidence in the record in the light most favorable to the party in whose favor the verdict has been rendered, and we must apply every reasonable inference that could be made from the evidence in that party's favor. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997). In this review, we disregard all evidence and inferences to the contrary. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 *255 (Tex.1995); Best v. Ryan Auto Group, Inc., 786 S.W.2d 670, 671 (Tex.1990). A no-evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.1998). More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. Crye, 907 S.W.2d at 499.
To support the trial court's judgment, we must find, under the statute quoted above, evidence of the following: that it is in the child's best interests to be placed outside the child's home; that reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.
The record contains home evaluation reports compiled by the juvenile probation office. The probation officer noted that Emmons works most days, including weekends. Additionally, these reports made the recommendation that A.E.E. be placed with her aunt, considering "[s]he would likely run away from home again if she were to be placed with her father which would appear to pose a risk to her safety and well-being."
The trial court ordered A.E.E. to attend counseling during the approximate one-month period of time between the preliminary hearing and the adjudication and disposition hearings. The person who counseled A.E.E. testified, "If the decision is made that she [A.E.E.] lives with her dad, I'm afraid she may make some irrational decisions." When asked to explain what he meant by "irrational decisions," the counselor replied, "Harming herself. Potential maybe for harming her dad. Potential for running away. That puts her at another risk."
The home study evaluations and the counselor's testimony constitute some evidence supporting the trial court's judgment that it is in A.E.E.'s best interests to be placed outside Emmons' home.
Section 54.04(i) also requires reasonable efforts to eliminate the need for removal of the child from the child's home and to make it possible for the child to return to the child's home. As noted above, the trial court ordered A.E.E. to attend counseling for approximately one month. The court later found that both the father and the child resisted participation in counseling. Emmons contends there is no basis in the record for this finding. However, the counselor testified the family failed to come in for follow-up counseling. He further stated, "[N]obody had any valid reason for why she [A.E.E.] did not come in and see me for follow-up." The counselor later talked about a lack of information because of "noncompliance with getting the family in individual counseling,...." This testimony is more than a scintilla of evidence supporting the trial court's finding that reasonable efforts were made to prevent removal of A.E.E. from Emmons' home and to make it possible for the child to return to that home.
Section 54.04(i) requires a showing that the child, in the child's home, cannot be provided the quality of care and level of support and supervision the child needs to *256 meet the conditions of probation. The trial court entered findings that the father's limited insight into his daughter's emotional problems would prevent him from providing the quality of care and level of support and supervision the child needs to meet the conditions of probation. A.E.E.'s testimony about Emmons' lack of interest in her schoolwork and his inattentiveness to her medical needs, as well as her testimony that she would run away again if required to return to Emmons' home, support the trial court's findings. The home study evaluations stating the amount of time Emmons spends at work, including weekends, also support the trial court's findings, as does the counselor's testimony related above.
Considering all of the evidence in the light most favorable to the trial court's decision, and disregarding all evidence and inferences to the contrary, we hold there is more than a scintilla of evidence to support the trial court's finding that Section 54.04(i) had been satisfied.
As his second point of error, Emmons contends the trial court's decision to remove A.E.E. from his home is an unconstitutional infringement on his fundamental right as a parent to make decisions as to care, custody, and control of his child, in violation of the Fourth Amendment to the United States Constitution. Because he alleges the court's decision affected a fundamental right, Emmons contends that the proof adduced and the court's decision should be strictly scrutinized by this Court and that the State's burden of proof in this case should be proven by clear and convincing evidence. He reiterates his contention there is very little in the record for the trial court to find that the requisites of Section 54.04(i) have been met.
Nonetheless, the focus of the trial court's proceedings was the delinquent behavior of A.E.E., not the parental rights or capabilities of Emmons. Emmons has not had his parental rights terminated. In fact, he still has visitation rights. Because A.E.E. has been adjudicated as a child who has engaged in delinquent behavior, she is now ultimately under the court's supervision which, admittedly, usurps some of Emmons' authority over his child. However, when any child is adjudicated delinquent, the parent of that child loses some of his or her control over the child to the courts.
When a child has been adjudicated to have engaged in delinquent conduct, the trial court has broad discretion to determine a suitable disposition of the child. In re T.A.F., 977 S.W.2d 386, 387 (Tex.App.-San Antonio 1998, no pet.); In re A.S., 954 S.W.2d 855, 861 (Tex.App.-El Paso 1997, no pet.). Absent an abuse of discretion, we will not disturb the juvenile court's findings. A.S., 954 S.W.2d at 861. Under an abuse of discretion standard, legal and factual insufficiency are relevant factors in assessing whether the trial court abused its discretion. In re J.S., 993 S.W.2d 370, 372 (Tex.App.-San Antonio 1999, no pet.); Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex.App.-Austin 1997, no pet.). In reviewing the factual sufficiency of the evidence, we consider and weigh all the evidence in the case, and set aside the judgment and remand for a new trial only where we conclude the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. J.S., 993 S.W.2d at 372; In re K.L.C., 972 S.W.2d 203, 206 (Tex.App.-Beaumont 1998, no pet.). An abuse of discretion occurs when the trial court's actions are arbitrary and unreasonable and without reference to any guiding rules or principles of law. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985).
*257 Although Section 54.04 clearly makes it preferable for a child who is given probation to remain in the child's home, there are also provisions for a child placed on probation to be removed from the home, namely Section 54.04(i). The trial court followed Section 54.04(i) in determining A.E.E. should be removed from Emmons' home. Because the trial court followed these guidelines, and because the court's findings are not so against the great weight and preponderance of the evidence, it was not an abuse of discretion to remove A.E.E. from her home and place her with her aunt.
Emmons contends in his third point of error the trial court erred in not specifically stating in the order its reasons for the disposition, as required by Tex. Fam.Code Ann. § 54.04(f).[2] This appeal was abated, and the trial court was ordered to enter an order in compliance with Section 54.04(f). We have received such as a supplemental clerk's record. However, Emmons contends in his supplemental brief the new order does not state factual findings, and the rationale underlying those findings, which would justify removal of a child from the custody of the child's parent.
One of the many reasons underlying the Section 54.04(f) requirement that the trial court specifically state its reasons for the disposition ordered is that it furnishes a basis for the appellate court to determine whether the reasons recited are supported by the evidence and whether they are sufficient to justify the order of disposition. In re L.G., 728 S.W.2d 939, 944-45 (Tex.App.-Austin 1987, writ ref'd n.r.e.).
In the new disposition order, the trial court made the following findings:
1. The child engaged in conduct that involved the use of force to resist the efforts of a law enforcement officer who was attempting to lawfully detain her;
2. The child engaged in conduct indicating she is emotionally or psychologically unstable; she has run away from home, forcefully resisted a peace officer who was attempting to detain her, threatened to commit suicide and chosen incarceration over return to her father's home;
3. The child was not raised by her father and lacks an emotional bond with him; she states she will not stay with her father, she will continue to run away and would prefer to be incarcerated;
4. Both the father and child could use psychological counseling to improve their parent child relationship;
5. Both the father and child were offered psychological counseling to improve their parent child relationship;
6. Both the father and child demonstrated to this court a resistance to participate in such counseling;
7. The father's limited insight into his daughter's emotional problems prevents him from providing the quality of care and level of support and supervision the child needs to meet the conditions of probation;
8. The child's father has demonstrated a present inability to adequately supervise the child, to prevent her from absconding or from causing harm to herself and others;
9. The present situation between the father and child makes placement of the child in the home contrary to the child's welfare;

*258 10. It is in the child's best interest to be placed outside the child's home; and
11. Reasonable efforts have been made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return home.
Emmons contends the above findings are only "boilerplate" language and are not specific to the court's factual basis for its decision. However, we find that the trial court has sufficiently stated its reasons for its disposition and that those findings are sufficiently supported by the record.
Because Emmons lacked standing to bring this appeal, we dismiss for want of jurisdiction. But even if he had standing, we would find against him and affirm the judgment.
NOTES
[1] Tex. Fam.Code Ann. § 56.01 (Vernon 2002) provides in part as follows:

(c) An appeal may be taken:
(1) except as provided by Subsection (n), by or on behalf of a child from an order entered under:
(A) Section 54.03 with regard to delinquent conduct or conduct indicating a need for supervision;
(B) Section 54.04 disposing of the case;
(C) Section 54.05 respecting modification of a previous juvenile court disposition; or
(D) Chapter 55 by a juvenile court committing a child to a facility for the mentally ill or mentally retarded;....
[2] Tex. Fam.Code Ann. § 54.04(f) (Vernon 2002) states: "The court shall state specifically in the order its reasons for the disposition and shall furnish a copy of the order to the child. If the child is placed on probation, the terms of probation shall be written in the order."