In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00472-CV
____________

IN THE MATTER OF E.J.L.




On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2001-05732J




MEMORANDUM OPINION
Background
           Appellant, a juvenile, engaged in sexual contact by touching the genitals of his four-year-old neighbor. Appellant, who was initially charged with engaging in delinquent conduct
by committing the offense of aggravated sexual assault of a child, stipulated to committing
the lesser-included offense of indecency with a child. The trial court found that appellant had
engaged in delinquent conduct and ordered that appellant be committed for five years to the
Texas Youth Commission (TYC) with a possible transfer to the Institutional Division or the
Pardons and Paroles Division of the Texas Department of Criminal Justice. The court also
ordered appellant to register as a sex offender. Appellant’s motion for new trial was
overruled and this appeal followed. Appellant raises the following four issues on appeal,
claiming that (1) the entry of multiple judgments on the wrong offense requires reversal, or
in the alternative, reformation of the judgment; (2) his guilty plea was involuntary because
it was not made intelligently and knowingly; (3) his counsel was ineffective; and (4) the trial
court abused its discretion in committing him to the Texas Youth Commission.
Discussion
Multiple Judgments on the Wrong Offense
           In his first point of error, appellant claims that the entry of multiple judgments on the
wrong offense requires reversal, or in the alternative, reformation of the judgment. Appellant
complains that two judgments were signed by the trial court and that there is “no indication
which prevails or that one supercedes the other.” The only differences between the two
judgments are the amount of credit granted to the juvenile for time served and the date on
which the judgments were signed. The judgment signed on January 15, 2002, credits time
served “since June 13, 2001.” The judgment signed January 17, 2002, credits time served
while in custody from “July 12, 2001 thru July 26, 2001 and November 15, 2001 thru January
16, 2002.” The court’s judgment was clearly amended to give the juvenile credit for time
actually served. We find no difficulty in concluding that the amended judgment signed
January 17th prevails over the judgment signed two days earlier. See Tex. Code Crim.
Proc. Ann. art. 42.03, § 2(a) (Vernon Supp. 2003).
           Appellant also contends that since the judgment was for the wrong offense, it should
be reversed or reformed. Appellant was charged with engaging in delinquent conduct by
committing aggravated sexual assault of a child and stipulated to committing the lesser-included offense of indecency with a child. Although the judge found in open court that the
juvenile engaged in indecency with a child, the judgment of the trial court referred to the
offense as aggravated sexual assault. The State concedes in its brief that the judgment should
have read indecency with a child. We sustain appellant’s first point of error and order that
the trial court’s judgment be modified to reflect the correct offense of indecency with a child. 
See Tex. R. App. P. 43.2(b).
Voluntariness of Plea
           In his second point of error, appellant claims that his plea was involuntary because it
was not made intelligently and knowingly.
           The record reflects that appellant was asked a series of questions by the trial court
concerning his understanding of the stipulation. Appellant was asked whether anyone had
promised him anything or forced him to sign the stipulation. Appellant responded, “No,
ma’am.” Appellant was also asked if he understood the consequences of signing the
stipulation, including the waiver of certain rights and the ramifications of being found
delinquent. Appellant responded, “Yes ma’am.” Appellant’s counsel stated to the trial court
that he had explained the stipulation to appellant and his parents. When counsel was asked
if he felt that he had gone over all of his client’s rights carefully and that appellant as well
as his parents understood, counsel responded, “Yes, Your Honor, I have.”
           Appellant first argues that an adult defendant pleading guilty has better protections
and mandatory admonishments than a juvenile defendant before a plea can be accepted. 
Appellant compares the admonishments contained in Texas Code of Criminal Procedure
article 26.13 with those set out in section 54.03 of the Texas Family Code. See Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2003); see also Tex. Fam. Code Ann. § 54.03
(Vernon 2002). Appellant acknowledges that section 54.03 does not require an explanation
of the range of punishment or of the prosecutor’s recommendation as does article 26.13. 
However, appellant also acknowledges that the failure to raise insufficient admonishments
and constitutional impediments at trial means they are waived. See Tex. Fam. Code Ann.
§ 54.03(i). The record reflects that no such objections were made to the trial court.
           Appellant also recognizes that “absent some violation of law, procedure, or duty, this
Court should accept as a basic premise that a plea or stipulation is voluntary, if it appears
from the record that the trial court followed the law.” It appears from the record that the trial
court did follow the law.
           Appellant makes another argument that, “despite assertions by appellant’s trial
counsel that appellant was competent and understood the proceedings, the evidence adduced
by appellee . . . raised serious questions about appellant’s ability to understand the charges
against him, the stipulations and consequences of his plea.”
           Appellant’s assertion is based on a psychological evaluation conducted by the Mental
Health and Mental Retardation Authority of Harris County. The evaluation that appellant
underwent found only that he has a below average intelligence quotient and may have a
learning disability. When appellant’s counsel was asked if appellant understood his rights,
counsel responded that although there is a “history of mental health, mental retardation, . .
. it is my opinion that he is competent and he is able to answer the questions.” There is no
evidence in the record or in the evaluation, indicating that appellant suffered from mental
illness or was otherwise incompetent to proceed. Moreover, appellant himself rationally
responded to a series of specific questions posed by the trial court judge relating to the
offense and the stipulation. The record reflects that appellant was able to communicate
rationally and coherently throughout the proceedings.
           We overrule appellant’s second point of error.
Ineffective Assistance of Counsel
           In his third point of error, appellant contends that his trial counsel was ineffective in
not adequately explaining the range of punishment and in not explaining the likely
consequences of his stipulation. Appellant also contends that counsel should have raised the
issue of mental illness. 
           The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no writ). Appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under the
Sixth Amendment and (2) but for the counsel’s error, the result of the proceedings would
have been different. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Thompson, 9 S.W.3d at
812; Gamble, 916 S.W.2d at 93.
           The burden is on the defendant to prove ineffective assistance of counsel. Strickland,
466 U.S. at 687, 104 S.Ct. at 2064; Gamble, 916 S.W.2d at 93. The defendant must
overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Thompson,
9 S.W.3d at 813; Gamble, 916 S.W.2d at 93.
           Appellant asserts that his trial attorney failed to provide him with sufficient
information and explanation from which an intelligent, knowing, and voluntary stipulation
could have been made. The State introduced the affidavit of appellant’s counsel in response
to appellant’s allegations. The State notes that, since the appellant did not call his trial
attorney as a witness at the hearing on his motion for a new trial, there is no evidence in the
record explaining counsel’s strategy or any of the reasons that the attorney had for not taking
actions about which the appellant is now complaining on appeal.
           The record shows that appellant was questioned in open court about his understanding
of the stipulation and admonished of the possible consequences of such action. Appellant’s
counsel responded affirmatively when asked by the trial court if he had fully explained
appellant’s rights to him. To find that trial counsel was ineffective based on the asserted
grounds would call for speculation, which we will not do. See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994); Gamble, 916 S.W.2d at 93.
           Appellant also claims that trial counsel rendered ineffective assistance by disregarding
evidence that called appellant’s mental condition into question. We have already determined
that there is no evidence that appellant was unfit to proceed because of a mental disease or
defect. We overrule appellant’s third point of error.
Commitment to the Texas Youth Commission
           In his fourth and final point of error, appellant contends that the trial court abused its
discretion in committing him to the Texas Youth Commission (TYC) with a possible transfer
to the Texas Department of Criminal Justice. Both parties concede that the trial court has
broad discretion in determining the suitable disposition of a juvenile who has been
adjudicated to have engaged in delinquent conduct. See In re A.E.E., 89 S.W.3d 250, 256
(Tex. App.—Texarkana 2002, no pet.); In re J.D.P., 85 S.W.3d 420, 426 (Tex. App.—Fort
Worth 2002, no pet.); In re J.S., 993 S.W.2d 370, 372 (Tex. App.—San Antonio 1999, no
pet.); In re J.R., 907 S.W.2d 107, 110 (Tex. App.—Austin 1995, no writ). Absent an abuse
of discretion, a juvenile court’s findings should not be disturbed. In re M.S., 940 S.W.2d
789, 791 (Tex. App.—Austin 1997, no pet.).
           The legal and factual sufficiency of the evidence to support the trial court’s findings
are not independent grounds of error, but are relevant factors in determining whether the trial
court abused its discretion. In re C.J.H., 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002,
no pet.). Because the Texas Family Code does not impose a burden of proof on the State
during the disposition phase, we apply civil standards when considering the legal and factual
sufficiency of the findings. Id. at 703.
           In reviewing the legal sufficiency of the evidence to support a finding, an appellate
court should consider only the evidence and inferences tending to support the findings under
attack and set aside the judgment only if there is no evidence of probative force to support
the findings. In re J.D.P., 85 S.W.3d at 426. In reviewing a factual sufficiency claim, the
appellate court considers and weighs all of the evidence, but sets aside the judgment only if
the finding is so against the great weight and preponderance of the evidence as to be
manifestly unjust. Id. at 429.
           A juvenile court is permitted to commit a delinquent child to the TYC if: (A) it is in
the child’s best interests to be placed outside the child’s home; (B) reasonable efforts were
made to prevent or eliminate the need for the child’s removal from the home and to make it
possible for the child to return to the child’s home; and (C) the child, in the child’s home,
cannot be provided the quality of care and level of support and supervision that the child
needs to meet the conditions of the probation. Tex. Fam. Code. Ann. § 54.04(i) (Vernon
2002).
           The State cites the juvenile probation report admitted into evidence at the disposition
hearing, which indicates that while appellant was in detention he was disrespecting staff,
cursing, and not following directions. Pre-Adjudication Summary Addendum No. 4 notes
that appellant has been suspended four times for breaking school rules and has been
continuously defiant. The report also notes that when appellant’s juvenile probation officer
tried to discuss the juvenile’s problems with his mother, she explained that she had done all
that she could with her son. The officer was also notified by appellant and his mother that
the juvenile’s father had threatened to kill him.
           The trial court judge stated that she was concerned that appellant’s family would not
be able to ensure that he would comply with court requirements and that appellant would
likely have a lower chance of recidivism if he was sent to the TYC. Accordingly, we find
that the evidence is both legally and factually sufficient to support the trial court’s disposition
that appellant be confined to the TYC for five years. We overrule appellant’s fourth point
of error.
Conclusion 
           The trial court’s judgment is modified to reflect the correct offense of indecency with
a child and is affirmed as modified. 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks. 
Do not publish. Tex. R. App. P. 47.2(b).