6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00134-CV
______________________________



IN RE:
KURBY DECKER





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Kurby Decker, an inmate at the Texas Department of CorrectionsâInstitutional
Division, has filed a petition for writ of mandamus. Decker's petition contains no supporting
clerk's or reporter's record. His petition, however, is related to an appeal currently pending
before this Court styled Decker v. Clements, No. 06-04-00118-CV. In the interest of
justice, we take judicial notice of the contents of the clerk's record in that companion case. 
See Tex. R. Evid. 201(b), (c), (f) (discretionary judicial notice of adjudicative facts may be
taken at any stage of proceeding).
Â Â Â Â Â Â Â Â Â Â In his current petition for writ of mandamus, Decker asks us to order the Honorable
John Miller, presiding judge of the 102nd Judicial District Court in Bowie County, Texas,
to file written findings of fact and conclusions of law in Decker v. Clements, trial court cause
number 04C0762-102. Decker had sued several employees of the Texas Department of
Criminal Justice for allegedly violating Decker's constitutional rights.


 On September 30,
2004, the trial court dismissed the lawsuit based on the State Attorney General's motion
alleging Decker had failed to (1) include an affidavit relating to his prior inmate litigation as
required by Tex. Civ. Prac. & Rem. Code Ann. Â§ 14.004 (Vernon 2002), (2)Â exhaust
administrative remedies pursuant to Tex. Civ. Prac. & Rem. Code Ann. Â§ 14.005 (Vernon
2002), and (3) attach a certified copy of his trust fund account as required by Tex. Civ.
Prac. & Rem. Code Ann. Â§ 14.006(f) (Vernon 2002). The trial court's order of dismissal did
not contain written findings of fact and conclusions of law. Decker filed a request for
written findings of fact and conclusions of law October 13, 2004. Decker then filed a notice
of appeal October 22, 2004. 
Â Â Â Â Â Â Â Â Â Â Mandamus relief is an extraordinary remedy. We will issue a writ of mandamus only
when the mandamus record establishes (1) a clear abuse of discretion or the violation of
a legally imposed duty, and (2) the absence of a clear and adequate remedy at law. Cantu
v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994). "Rules 296 and 297 [of the Texas Rules
of Civil Procedure] do not require a trial court to make findings of fact and conclusions of
law where there has been no trial." Timmons v. Luce, 840 S.W.2d 582, 586 (Tex.
App.âTyler 1992, no writ) (referencing Kendrick v. Lynaugh, 804 S.W.2d 153 (Tex.
App.âHouston [14th Dist.] 1990, no writ)).
Â Â Â Â Â Â Â Â Â Â In this case, the trial court dismissed Decker's lawsuit based on a review of the
clerk's record, and without conducting a hearing or receiving evidence. There was no trial. 
The trial court, therefore, had no duty to file written findings of fact and conclusions of law.
Â Â Â Â Â Â Â Â Â Â We deny Decker's petition for writ of mandamus.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â December 2, 2004
Date Decided:Â Â Â Â Â Â Â Â Â December 3, 2004



s best interest to be placed outside the home; (2) reasonable efforts were taken to prevent
the need to remove the child from the home and make it possible to return home; and (3)Â the child
did not receive the quality of care and level of support and supervision needed to meet the conditions
of probation. (8) Tex. Fam. Code Ann. Ç§ 54.04(i), 54.05(m) (Vernon 2008); In re J.R.C., 236 S.W.3d
870, 873 (Tex. App.--Texarkana 2007, no pet.); see also In re J.P., 136 S.W.3d 629, 630 (Tex.
2004). Thus, we do not disturb a juvenile court's disposition order in the absence of an abuse of
discretion. In re K.H., 169 S.W.3d 459, 462 (Tex. App.--Texarkana 2005, no pet.); In re K.J.N.,
103 S.W.3d 465, 465-66 (Tex. App.--San Antonio 2003, no pet.); In re A.E.E., 89 S.W.3d 250, 256
(Tex. App.--Texarkana 2002, no pet.). 

 An abuse of discretion occurs when a trial court acts arbitrarily, unreasonably, or without
reference to guiding rules and principles. In re M.A., 198 S.W.3d 388, 391 (Tex. App.--Texarkana
2006, no pet.). This standard requires that we "view the evidence in the light most favorable to the
trial court's ruling," affording almost total deference to findings of historical facts that are supported
by the record. In re J.G., 195 S.W.3d 161, 187 (Tex. App.--San Antonio 2006, no pet.). When the
resolution of factual issues does not turn on an evaluation of credibility or demeanor, we review
deÂ novo the trial court's determination of the applicable law, as well as its application to the facts. 
Id. A trial court does not abuse its discretion if some evidence supports its decision. Furr's
Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 379 (Tex. 2001); see also Estrello v. Elboar, 965
S.W.2d 754, 758 (Tex. App.--Fort Worth 1998, no pet.); Holley v. Holley, 864 S.W.2d 703, 706
(Tex. App.--Houston [1st Dist.] 1993, writ denied). 

III. Analysis 

 A. Ineffective Assistance Allegation 

 J.T.B. first contends his counsel was ineffective because he failed to object to hearsay
evidence. J.T.B. bears the burden of proof on this matter by a preponderance of the evidence.
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); see Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005). Any allegation of his counsel's ineffectiveness must be firmly
founded in the record. Goodspeed, 187 S.W.3d at 392; Thompson, 9 S.W.3d at 813; Cannon v.
State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). 

 We apply the two-pronged Strickland test handed down by the United States Supreme Court
to determine whether J.T.B. received ineffective assistance of counsel. Strickland v. Washington,
466 U.S. 668 (1984). The first prong requires J.T.B. to show counsel's performance fell below an
objective standard of reasonableness when considering prevailing professional norms. Id. at 687-88. 
To meet the second prong of the Strickland test, J.T.B. must show that the deficient performance
damaged his defense such that there is a reasonable probability the result of the trial would have been
different. Id.; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim App. 2000). Failure to satisfy either
prong of the Strickland test is fatal. Jaubert v. State, 74 S.W.3d 1, 9 (Tex. Crim. App. 2002). Thus,
we need not examine both Strickland prongs if one cannot be met. Strickland, 466 U.S. at 697. 

 J.T.B. complains that trial counsel did not object to the testimony of Officer Anthony Forson
concerning the October 8, 2008, incident at the muffler shop when Forson testified Officer Eric
Dawes told him that he thought J.T.B. was in possession of tobacco products. It is not clear that this
evidence is hearsay. A police officer's testimony is not hearsay when it is offered for the purpose
of explaining how a defendant became a suspect, rather than for the truth of the matter asserted. 
Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). In addition, an officer's testimony
is not hearsay when it is admitted, not for the truth, but to establish the course of events and
circumstances leading to a defendant's arrest. Thornton v. State, 994 S.W.2d 845, 854 (Tex.
App.--Fort Worth 1999, pet. ref'd) (citing Reed v. State, 794 S.W.2d 806, 809 (Tex. App.--Houston
[14th Dist.] 1990, pet. ref'd)). Additionally, since J.T.B. admitted possession of tobacco on that date
it appears the defense made a strategic decision not to contest this issue. Counsel's performance in
this regard was not deficient. 

 J.T.B. alleges his counsel failed to present evidence that a GPS device placed him at some
other location at the time of the incident at Mike's Muffler Shop, but the record shows such evidence
was presented by J.T.B. in his testimony. J.T.B. also alleges that counsel was deficient in failing to
object to a statement by J.T.B.'s girlfriend at the muffler shop. However, nothing in the record
suggests J.T.B.'s sentence was due to a theft allegedly occurring at Mike's Muffler Shop. In fact, the
juvenile court did not base its decision to revoke probation based on this allegation. Therefore, as
to the incident occurring at the muffler shop, J.T.B. cannot meet the second prong of the Strickland
test. In view of this juvenile's extensive delinquency history, there is no indication of a reasonable
probability the juvenile court would have imposed a different sentence had counsel objected to this
alleged hearsay evidence. From the record, it appears the trial court had already exhausted the lesser
alternative sanctions. The trial court aptly observed that J.T.B. had "worn the system out." This
point of error is overruled. 

 B. Specific Reasons for Sentence 

 J.T.B. next complains that the court's reasons for committing him to TYC are not sufficiently
specific. (9) A modification order can provide for commitment to TYC if "(1) the original disposition
was for conduct constituting a felony or multiple misdemeanors, and (2) the court finds the child
violated a reasonable and lawful order of the court." (10) J.P., 136 S.W.3d at 630-31; see Tex. Fam.
Code Ann. § 54.05(f) (Vernon 2008). The juvenile court "shall specifically state in the order its
reasons for modifying the disposition." Tex. Fam. Code Ann. Â§Â 54.05(i) (Vernon 2008). The
statutory recitals listed in Section 54.05(m) are not, by themselves, specific enough to meet Section
54.05(i) requirements. In re J.T.H., 779 S.W.2d 954, 959 (Tex. App.--Austin 1989, no writ)
(discussing Section 54.04). As long as the record supports the specific findings made by the court,
its findings will not be disturbed. In re S.A.G., No. 04-06-00503-CV, 2007 WL 748674, at *2 (Tex.
App.--San Antonio Mar. 14, 2007, no pet.) (mem. op.) (citing In re E.D., 127 S.W.3d 860, 864
(Tex. App.--Austin 2004, no pet.)). The violation of one condition of probation is sufficient to
support a trial court's order modifying a juvenile's disposition. Id. at *3. 

 In addition to the statutory language and "find[ings] that within the period of probation said
child has violated the conditions," the order also stated J.T.B. was "in need of rehabilitation," and
modification was required "for the protection of the public and the child." The order also
incorporated "Exhibit 1," which stated:


 The child has a history of referrals for violations at school.
 The Department has attempted disposition in the home in the past, and the child continues
to commit offenses.
 It does not appear that disposition in the home will have any success in rehabilitating the
child.
 The supervision of the parents in the home is not sufficient to prevent the child from his/her
admitted gang involvement and repeated offenses.
 The child was previously placed on probation by the Court.
 The child and/or family was previously referred to the following community, court,
educational, counseling, or psychological programs: Summer II Program, GPS Monitoring,
Intensive Supervision Program, Community Service Restitution, Project Aspect, Why Try,
Electronic Monitoring, Prevent Day, Southwest Key RTC and Azleway Boys' Ranch RTC.
 The nature of the offense and/or circumstances in the child's home necessitates removal of
the child from the home. 



We find the order more than sufficient to meet the requirements of Section 54.05(i). 

 Thus, if some evidence supports these findings, they cannot be disturbed on appeal. The
sufficiency of the evidence to support these findings is not challenged in this appeal. In both its oral
pronouncement and written order, the juvenile court found that J.T.B. possessed tobacco as a minor,
violated curfew, tested positive for marihuana and benzodiapine, and was unsuccessfully discharged
from the Summer II Program. Jacksonville City Judge Pete Menefee brought J.T.B.'s court file and
testified he had a pending ticket for minor in possession of tobacco in his court. The curfew
violation was supported by Kyle Dezern, employee of the Cherokee County Juvenile Probation
Department, who testified that J.T.B.'s GPS monitor confirmed violations on the alleged dates. Terri
Arnold, program coordinator for the summer program, testified that he only attended for one day and
had to be removed from the program due to inappropriate behavior. J.T.B. also admitted he
possessed the tobacco, violated curfew, tested positive for benzodiapine, "might have been dirty" for
marihuana, and was discharged from the summer program. Additionally, the trial court took judicial
notice of the entire clerk's record, which further supports the additional findings made in Exhibit 1. 
We find no abuse of discretion in the trial court's judgment. 

IV. CONCLUSION

 We affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: May 26, 2009

Date Decided: May 27, 2009

1. This case was transferred to this Court from the Twelfth District Court of Appeals in Tyler
as a part of the Texas Supreme Court's docket equalization program. We are not aware of any
conflict between the precedent of the Tyler Court with precedent of this Court on any issue relevant
to this appeal. See Tex. R. App. P. 41.3. 
2. The confinement was to be served with the Texas Youth Commission (TYC) with possible
transfer to the Texas Department of Criminal Justice-Institutional Division (TDCJ). 
3. See Tex. Penal Code Ann. Â§ 30.02(c)(2) (Vernon 2003). 
4. The report indicated that community service assigned in 2004 was completed in July 2006. 
5. See Tex. Penal Code Ann. Â§ 30.05 (Vernon Supp. 2008).
6. See Tex. Health & Safety Code Ann. Â§ 481.129 (Vernon 2003). 
7. The juvenile court further placed J.T.B. in the Anderson County Juvenile Detention Center
pending transportation to TYC.
8. These statutory findings are included within the appealed order. 
9. The bulk of J.T.B.'s argument on this issue complains the order "is unclear specifically what
caused the trial judge to enter the order modifying [J.T.B.'s] probation." We disagree.
10. In addition to the original felony charge for entering the home of Walter Lee Stockstill with
intent to commit theft, the order complained of states there "was also a finding of a Deadly Weapon
on the 9th day of June, 2008 when the Respondent entered his plea of True to the allegations of
Aggravated Assault with a Deadly Weapon."