

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00160-CV

IN THE MATTER OF I.D.W.

----------

FROM COUNTY COURT AT LAW NO. 1 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant J.W. filed a notice of appeal of the probation adjudication of his juvenile son, I.D.W. On April 27, 2012, we received a letter from the trial court stating that I.D.W. had agreed to a plea bargain in the trial court and it had not given I.D.W. permission to appeal, nor was the matter of the appeal raised in a pre-trial motion. *See* Tex. Fam. Code Ann. § 56.01(n) (West Supp. 2011). The letter also stated that I.D.W. has not expressed a desire to appeal. *See id.*

---

[1]*See* Tex. R. App. P. 47.4.

§ 56.01(f) (requiring *the child and* his parent, guardian, or guardian ad litem to express a desire to appeal).

On May 8, 2012, we notified Appellant of our concern that we lacked jurisdiction over the appeal because I.D.W. has not expressed a desire to appeal and because I.D.W. had agreed to a plea bargain in the trial court. We told Appellant that unless I.D.W. or any party desiring to continue the appeal files with the court a response showing grounds for continuing the appeal, we may dismiss the appeal. We have received no response.

Appellant has not shown that the trial court granted permission for I.D.W. to appeal, nor has he shown that this appeal is based on a matter raised by a written motion filed before the proceeding.[2] *See* Tex. Fam. Code Ann. § 56.01(n). Neither has I.D.W. expressed a desire to appeal. *See id*. § 56.01(f). We therefore dismiss this appeal. *See* Tex. R. App. P. 42.3.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J., DAUPHINOT, AND GABRIEL, JJ.

DELIVERED: June 21, 2012

---

[2]If Appellant is attempting to appeal on his own behalf, we note that he does not have standing to appeal the order. *See id*. § 56.01(c)(1) (stating that an appeal under that chapter may be taken "by or on behalf of a child"); *see also In re A.E.E.*, 89 S.W.3d 250, 254 (Tex. App.—Texarkana 2002, no pet.) ("By the plain wording of the statute, the child has the right to appeal and the right of anyone else to appeal is derivative from the child's right, because such appeal must be on the child's behalf.").