02-12-160-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00160-CV


 
 
 In the Matter of I.D.W.
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

FROM County
Court at Law No. 1 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
J.W. filed a notice of appeal of the probation adjudication of his juvenile
son, I.D.W.  On April 27, 2012, we received a letter from the trial court
stating that I.D.W. had agreed to a plea bargain in the trial court and it had
not given I.D.W. permission to appeal, nor was the matter of the appeal raised
in a pre-trial motion.  See Tex. Fam. Code Ann. § 56.01(n) (West Supp.
2011).  The letter also stated that I.D.W. has not expressed a desire to
appeal.  See id. § 56.01(f) (requiring the child and
his parent, guardian, or guardian ad litem to express a desire to appeal).

On
May 8, 2012, we notified Appellant of our concern that we lacked jurisdiction
over the appeal because I.D.W. has not expressed a desire to appeal and because
I.D.W. had agreed to a plea bargain in the trial court.  We told Appellant that
unless I.D.W. or any party desiring to continue the appeal files with the court
a response showing grounds for continuing the appeal, we may dismiss the
appeal.  We have received no response.

Appellant
has not shown that the trial court granted permission for I.D.W. to appeal, nor
has he shown that this appeal is based on a matter raised by a written motion
filed before the proceeding.[2]  See Tex. Fam.
Code Ann. § 56.01(n).  Neither has I.D.W. expressed a desire to appeal.  See
id. § 56.01(f).  We therefore dismiss this appeal.  See Tex. R. App.
P. 42.3.

 

 

LEE GABRIEL
JUSTICE

 

PANEL:  LIVINGSTON,
C.J., DAUPHINOT, AND GABRIEL, JJ.

DELIVERED:  June 21, 2012









[1]See Tex. R. App. P. 47.4.





[2]If Appellant is attempting
to appeal on his own behalf, we note that he does not have standing to appeal
the order.  See id. § 56.01(c)(1) (stating that an appeal
under that chapter may be taken “by or on behalf of a child”); see also In
re A.E.E., 89 S.W.3d 250, 254 (Tex. App.—Texarkana 2002, no pet.) (“By the
plain wording of the statute, the child has the right to appeal and the right
of anyone else to appeal is derivative from the child’s right, because such
appeal must be on the child's behalf.”).