**Dismissed and Memorandum Majority and Dissenting Opinions filed August 15, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00351-CV**
**NO. 14-24-00362-CV**
**NO. 14-24-00459-CV**
**NO. 14-24-00460-CV**

---

**IN THE MATTER OF C.K.G., Appellant**

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2024-00894J & 2024-00895J**

---

## MEMORANDUM DISSENTING OPINION

The majority treats these appellate cases as interlocutory appeal, and perhaps they are. But we need not decide that issue because these appeals are brought by a parent in this juvenile-justice proceeding, not by or on behalf of the juvenile appellant. *See generally* Juvenile Justice Code, Tex. Fam. Code Ann. § 56.01 (right to appeal).

Appellant's father filed the following four notices of appeal on May 13, 2024:

> Notice is hereby given that [Father] parent/guardian of [C.K.G.] hereby appeals the ORDER APPOINTING GUARDIAN AD-LITEM given by the Court on May 9, 2024 pursuant to **Texas Family Code § 61.004.** [Father] (Hereinafter "FATHER") objects to the appointing of any ad litem guardian who is not a parent of [C.K.G.]. Appointing a Homosexual guardian over a Heterosexual male would violate and infringe upon the parents and child's religious beliefs protected by the First Amendment of the United States Constitution. This unlawful action was taken without notice in violation of **Texas Family Code § 61.003.** The FATHER asserts and contends that the Court DID NOT satisfy certain requirements of Due Process of Law that must be satisfied before entering such ORDER. The Court did not provide the Parents {Father} and [Mother] with sufficient notice, in writing or orally in a recorded court hearing, of any proposed ORDER in regards to guardianship, AND the Court failed to provide the parents sufficient opportunity to be heard on the matter.
>
> [Father] hereby invokes an AFFIRMATIVE DEFENSE against all request from any COURT APPOINTED GUARDIAN. The TRANSCRIPT AND RECORD will reflect that the Court Judge did not provide the parent with due process of law during the proceeding in which the Court entered its Original ORDER therefore this ORDER should be vacated and stricken from the RECORD. **Texas family Code § 61.055(g)**
>
> TRANSCRIPT AND RECORD SHOULD BE SENT OVER TO THE COURT OF APPEALS. [Father] REQUEST THAT THE ENTIRE RECORD BE SENT. NOTHING OMITTED.

The notices of appeal must be brought by or on behalf of appellant. *See* Juvenile Justice Code, Tex. Fam. Code Ann. § 56.01(c)(1); *see In re A.E.E.*, 89 S.W.3d 250, 253–54 (Tex. App.—Dallas 2002, no pet.).

I would allow the notices of appeal to be amended if Father wished to clarify that he was bringing the appeals on behalf of appellant. *See* Tex. R. App. P.

2

25.1(g). The court, however, has not given Father notice of this jurisdictional problem and an opportunity to cure.

The court neither follows the precedent from our sister court, nor explains why it does not. I respectfully dissent to the failure to give notice to Father.


/s/     Charles A. Spain
Justice


Panel Consists of Chief Justice Christopher and Justices Spain and Poissant.